# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Cortez Beacham,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Stearns County Courts/Jail,<br><br>　　　　　Respondent. | No. 20-CV-2490-CJW<br><br>**ORDER** |

This matter is before the Court on petitioner Cortez Beacham's ("petitioner") habeas petition filed under Title 28, United States Code, Section 2241 (Doc. 1) and Magistrate Judge David T. Schultz's report and recommendation to dismiss the action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. For the following reasons the Court adopts the report and recommendation and dismisses this action without prejudice.

On December 7, 2020, petitioner filed for a writ of habeas corpus. (Doc. 1). In a letter dated December 8, 2020, the Clerk of Court informed petitioner that the Court had received his case-opening documents, but had not received "the requisite filing fee of $5.00 nor an Application to Proceed Without Prepayment of Fees or Costs." (Doc. 2). The letter also informed petitioner that if the Clerk of Court did not receive the $5.00 filing fee or an application to proceed without prepayment within 15 days of the date of the letter, the case would be dismissed without prejudice. (*Id.*, at 1). The Clerk of Court also attached to the letter an application to proceed without prepayment. (*Id.*, at 2–7).

The Clerk of Court did not receive the filing fee nor an application to proceed without prepayment within 15 days of the letter to petitioner and thus, on January 12, 2021, Magistrate Judge Schultz entered a recommendation that the action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

(Doc. 2).  Petitioner has not filed any objections to the report and recommendation, nor has he paid the filing fee or applied to proceed without prepayment.[1]

When parties fail to act on claims and court orders, the Court can dismiss the action for failure to prosecute under Federal Rule of Civil Procedure 41(b).  *Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court.").  A court's authority to dismiss a claim for failure to prosecute is in the court's inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Schoemehl v. Unwin*, No. 4:18-cv-00031-JAR, 2019 WL 2010216, at *1 (E.D. Mo. May 7, 2019) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  "The court should resort to the dismissal of an action only when there has been a clear record of delay or contumacious conduct by the plaintiff." *Haley*, 761 F.2d at 491 (citation and internal quotation omitted).

Petitioner has not filed anything in this case, even when prompted to do so by the Clerk of Court, since he first filed his petition on December 7, 2020.  Thus, petitioner has failed to prosecute his case and the Court **adopts** the report and recommendation.  This action is **dismissed without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED** this 25th day of March, 2021.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

---

[1] Petitioner filed two related cases that appear to contain a substantially similar petition.  *See* 20-cv-2489-CJW and 20-cv-2491.  In each of those actions petitioner responded to the corresponding report and recommendation, but petitioner has not done so here.

2